UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CESAR ALEXANDER NOVOA AREVALO<br><br>Petitioner,<br><br>v.<br><br>WARDEN, et al,<br><br>Respondents. | Case No. 2:26-cv-02847-TMC<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS |

## I. INTRODUCTION AND BACKGROUND

Petitioner Cesar Alexander Novoa Arevalo is a 28-year-old citizen of El Salvador. Dkt. 7-1 at 4. Petitioner has lived in this country for five years, has no criminal history, has a wife and a U.S. citizen child, and has worked continuously under a government-issued employment authorization document that is valid until 2030. *Id*. at 9; Dkt. 11-2 at 2. During his time here, Petitioner has applied for asylum, *see* Dkt. 11-1 at 2, and has met all his obligations regarding immigration-related appointments and check-ins. *Id*. at 10. Notwithstanding this seemingly peaceful existence while he sought a lawful pathway to remain in the country, Petitioner was arrested by Immigration and Customs Enforcement ("ICE") officers without warning on May 17, 2026, and is currently detained in the Northwest ICE Processing Center in Tacoma, Washington. Dkt. 1 at 2, 9; Dkt. 5 at 3.

On August 5, Petitioner filed a petition for a writ of habeas corpus asking this Court to either order his release or direct Respondents to provide him with a bond hearing, which he alleges he has not yet had. Dkt. 1 at 11. Respondents filed a response on August 25, *see* Dkt. 5, in which they do not dispute any of the above facts, apart from one important one: Respondents provide an Order issued by an Immigration Judge ("IJ") that shows that Petitioner had a bond hearing on July 20, 2026.[1] Dkt. 11-3 at 2. The IJ denied bond based on a lack of jurisdiction and, alternatively, on a finding that Petitioner was a flight risk. *Id*.

Upon review of these submissions by the parties, the Court determined that additional information was needed to resolve Petitioner's claim that Respondents violated his right to procedural due process. On September 9, the Court directed Respondents to supplement the record. Dkt. 9. On September 23, Respondents submitted additional documents. Dkt. 11. Having reviewed the supplemental documents and the entire record, the Court concludes, for reasons explained below, that ICE violated Petitioner's right to procedural due process when they arrested and detained him without a pre-deprivation hearing on May 17, 2026. Accordingly, the Court will GRANT the petition for a writ of habeas corpus.

## II. LEGAL STANDARD

"Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). Habeas petitioners must prove by the preponderance of the evidence that they are "in custody in violation of the Constitution or laws or treaties of the United States." *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004); 28 U.S.C. § 2241(c)(3).

---

[1] Respondents state erroneously in their response that the date of the bond hearing was July 6. *See* Dkt. 5 at 5 ("Petitioner claims he has not had a bond hearing. Pet., at 11. This his [sic] is not accurate. On July 6, 2026, the Immigration Judge held a bond hearing . . . .")

## III. DISCUSSION

Petitioner argues that his "detention violates the substantive and procedural due process requirements of the Fifth Amendment of the U.S. Constitution." Dkt. 1 at 9. Filed without benefit of counsel, Petitioner does not address the legal framework of such a claim, but he cogently states its underlying logic:

> Since arriving in the United States, I have respected the law and complied with all requirements, especially those regarding immigration. For this reason, I believe I should not have been detained; I do not understand why I was arrested or why I cannot post bond to continue with my case while working and supporting my family. [sic] specially since I have a work permit that allows me to do so legally until the year 2030.

Dkt. 1 at 10.

In their response, Respondents do not address procedural due process, nor do they discuss Petitioner's references to his immigration check-ins or his work authorization. Instead, Respondents' sole argument is that Petitioner is a member of the Bond Denial Class recognized in *Rodriguez Vazquez v. Bostock*, 802 F. Supp. 3d 1297 (W.D. Wash. 2025), *aff'd*, 183 F.4th 1160 (9th Cir. 2026). Dkt. 5 at 6. As a member, he is entitled to a bond hearing under § 1226, which Respondents point out he has already had. *Id*. According to Respondents, this hearing (conducted while the IJs were still adhering to their unlawful mandatory detention policy, and making bond determinations only in the alternative) is all the process that Petitioner was due.[2] *Id*.

---

[2] Petitioner has not raised a claim that the IJ's flight risk finding was an abuse of discretion under *Martinez v. Clark*, 124 F.4th 775, 781–84 (9th Cir. 2024). The Court notes, however, that Petitioner submitted more than 150 pages of documents to the IJ in support of his request for bond, describing his lack of criminal history, his ties to the United States, the basis for his asylum claim, his fixed address, and his employment history. *See* Dkt. 7-1. The government submitted only the I-213 form documenting Petitioner's arrest, which acknowledged his lack of criminal history and that he complied with all directions from ICE officers, asserted that his asylum claim had been closed, and incorrectly stated he did not have children or dependents. *See*

The Supreme Court has consistently held that “the Constitution requires some kind of a hearing before the State deprives a person of liberty or property.” *Guillermo M. R. v. Kaiser*, 791 F. Supp. 3d 1021, 1035 (N.D. Cal. 2025) (quoting *Zinermon v. Burch*, 494 U.S. 113, 127 (1990)). “[T]here may be situations that urgently require arrest, in which a prompt post deprivation hearing is appropriate.” *Id.*; *see Zinermon*, 494 U.S. at 128 (noting that there are special cases where a pre-deprivation hearing is impracticable). *Id*. “However, absent evidence of urgent concerns, a pre-deprivation hearing is required to satisfy due process,” particularly when the government has previously determined that an individual is eligible for release pending their removal proceedings. *Id*.

Here, as noted by Petitioner, the government was aware of his presence and gave him permission to work while he pursued his asylum application. Despite the Court’s efforts to obtain supplemental evidence, the record before the Court still does not resolve the inconsistency between Respondents’ assertion that Petitioner’s asylum claim had been closed in 2023 and the re-issuance of his employment authorization in 2025. *Compare* Dkt. 7-2 and Dkt. 11-2. Ultimately, however, Respondents do not contest that Petitioner complied fully with the requirements of USCIS while his asylum claim was pending.

Applying the familiar test from *Mathews v. Eldridge*, 424 U.S. 319 (1976), numerous courts in this district and throughout the Ninth Circuit have concluded that when a noncitizen has lived in the community for years while pursuing an affirmative asylum claim with USCIS, and the government has made no effort to detain him, he acquires an interest in his continued liberty that may typically only be extinguished through a pre-deprivation hearing. *See, e.g.*, *Hui Tang v. Mullin*, No. 5:26-cv-04881-KES, 2026 WL 2666872, at *4 (C.D. Cal. 2026); *Habiebh v.*

---

Dkt. 7-2. The record contains no explanation of the basis for the IJ’s finding that Petitioner did not show by the preponderance of the evidence that he was not a flight risk.

*Chestnut*, No. 1:26-cv-06103-NW, 2026 WL 2444863, at *3 (E.D. Cal. Aug. 19, 2026); *Huang v. Blanche*, No. 2:26-cv-02157-BAT, 2026 WL 2271901, at *1–2, 4–5 (W.D. Wash. July 15, 2026); *Benipal v. Rokosky*, No. CV26-01306-PHX-RM (CDB), 2026 1355010, at *10–13 (D. Ariz. Apr. 24, 2026); *Kharitonova v. Albarran*, No. 3:26-cv-01362-JSC, 2026 WL 531441, at *2–3 (N.D. Cal. Feb. 25, 2026). Respondents have presented no reason for the Court to depart from this weight of authority. Petitioner had a strong interest in his continued liberty while he was pursuing asylum when he had complied with the requirements of USCIS, obtained work authorization, established employment, obeyed the law, and fathered a U.S.-citizen child. The risk of erroneous deprivation was extraordinarily high where Petitioner was detained, without any notice or opportunity to be heard, by officers whose report contains no basis for concluding he was a flight risk or danger to public safety. And the government's interest in suddenly detaining without a hearing a noncitizen who has lived in the community successfully for years while pursuing lawful status is low. Incarcerating a person who is not a poor bail risk "not only serves no purpose but undermines the Government's own interest in minimizing the fiscal and administrative effects of unnecessary incarceration and imposes societal costs by removing individuals from their families, communities, and jobs." *O.F.C. v. Almodovar*, No. 25-cv-9816 (LJL), 2026 WL 74262, at *11 (S.D.N.Y. Jan. 9, 2026).

It is undisputed that Petitioner was not provided any notice or pre-deprivation opportunity to contest his detention. Despite immediately requesting one, he did not receive a bond hearing for months, and then was denied bond based primarily on Respondents' unlawful mandatory detention policy. Respondents make no argument that urgent circumstances required Petitioner's arrest. Based on the weight of authority of district courts considering similar cases throughout the Ninth Circuit, the Court concludes that Petitioner has shown he is in custody in violation of

the Fifth Amendment's Due Process clause. The Court therefore GRANTS the petition for writ of habeas corpus.

## IV. CONCLUSION

For the reasons explained above, the Court ORDERS as follows:

1. The petition for writ of habeas corpus (Dkt. 1) is GRANTED.

2. Within ONE day of this Order, Respondents must RELEASE Petitioner Cesar Alexander Novoa Arevalo.

3. Respondents shall file a status report confirming Petitioner's release no later than September 30, 2026.

4. Respondents must return to Petitioner any personal property, including any personal identification document (other than a passport) and any employment authorization document.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at the party's last known address.

Dated this 28th day of September, 2026.

Tiffany M. Cartwright
United States District Judge